IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEAN DAVIS, | § § § | |
| *Plaintiff,* | § § § | 5:25-CV-01157-FB-RBF |
| vs. | § § § § | |
| UNITED COLLECTION BUREAU, | § § § | |
| *Defendant.* | § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Jean Davis' Motions to Remand, Dkt. No. 3, 7, & 8, and Defendant United Collection Bureau's Motion for Voluntary Remand to State Court, Dkt. No. 9. This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Rule CV-72 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, Davis' Motion to Remand, Dkt. No. 8, should be **GRANTED**. Davis' other motions to remand, Dkt. Nos. 3 & 7 are **MOOT**. Likewise, Defendant's Motion to Remand, Dkt. No. 9, is also **MOOT**.

**Factual and Procedural Background**

Plaintiff Jean Davis filed an Original Petition in the Justice Court of Bexar County, Precinct 2, asserting claims against Defendant United Collection Bureau ("UCB"), a debt collector

for Macy's, in connection with a debt-validation request made by Davis. Dkt. No. 1. The Petition alleges that UCB made false statements regarding Davis's request, including that Davis claimed the Macy's account in question was fraudulent when Davis made no such claim. *Id.* at 7. The Petition specifically states that UCB's "conduct is a violation of the [Fair Debt Collection Practices Act ("FDCPA")]." *Id.* The first Motion to Remand filed by Davis alleges that Davis' claims are "solely grounded in Texas law, including emotional distress and loss of income" and do "not allege a federal cause of action" but instead "merely reference[] that [UCB] is subject to federal standards." Dkt. No. 3 at 2.

Davis filed the Original Petition in state court on June 24, 2025. *See* Dkt. No. 1 at 5. According to Davis' Motions to Remand, UCB was served on August 5, 2025. *E.g.*, Dkt. No. 7 at 1. UCB removed the matter to this Court on September 15, 2025, on the basis of federal question jurisdiction. *See* Dkt. No. 1. The live pleadings and pending motions do not specify when UCB was properly served with the state court petition.

On September 18, 2025, Davis filed a Motion to Remand, Dkt. No. 3, claiming that removal was improper because, although UCB is subject to the FDCPA, all of Davis' claims arise under state law. Dkt. No. 3. at 1–2. On September 29 and 30, Davis filed two seemingly identical Motions to Remand, Dkt. Nos. 7, 8, additionally claiming that UCB's Removal was untimely. *See* Dkt. No. 7 at 1. Thereafter, on October 2, 2025, Defendant filed a Voluntary Motion to Remand to State Court. *See* Dkt. No. 9.

**Analysis**

To remove a case to federal court, a defendant must file a Notice of Removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading." 28 U.S.C. § 1446(b)(1). "Before a state-court civil action may be removed to federal district court, the action must satisfy § 1441," which "[i]n relevant part [ ] provides that"

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . .

*Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 258 (5th Cir. 2014) (quoting 28 U.S.C. § 1441(a) with emphasis removed). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements" or arises under federal law. *Id.* at 258–59. On a motion for remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations removed). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The action should be remanded because UCB's removal was untimely, as Davis points out in the second and third of the three motions to remand Davis filed. *See* Dkt. Nos. 7 & 8. Davis claims that UCB was properly served on August 5, 2025. Dkt. No. 7 at 1. UCB filed its Notice of Removal, Dkt. No. 1, on September 15, 2025, which is 41 days after the alleged service. Although UCB's Notice of Removal does not include information regarding when service occurred, UCB has not contradicted Davis' assertions on timing, nor has UCB offered justification for its alleged failure to timely remove the action. UCB instead filed its own Motion for Remand, which offers no explanation for the request to remand. *See* Dkt. No. 9.

Because the removing party bears the burden of showing that removal was proper, *see Manguno*, 276 F.3d at 723, and because UCB has failed to rebut Davis' claim that removal was

3

untimely, the removal was untimely under 28 U.S.C. § 1446(b)(1), and the case should be remanded to state court.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Motion to Remand to State Court, Dkt. No. 8, be **GRANTED.** Plaintiff's other two Motions to Remand, Dkt. Nos. 3 & 7, are **MOOT.** Defendant's Motion to Remand, Dkt. No. 9, is also **MOOT.**

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de*

novo determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 5th day of November, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE